IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SUE EVERS (by her next best friend, NORA ARAGON-
GALLEGOS), and FLORENIO ARAGON JR.,

Plaintiffs,

vs.   Civ. No. 06-292 MV/LAM

BOARD OF COMMISSIONERS of TORRANCE COUNTY,
et al.,

Defendants.

**PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE EVIDENCE OF PRIOR CIVIL CASES, PRIOR ALLEGATIONS AGAINST HERITAGE HOME HEALTHCARE, AND ANY POLICE REPORTS OR OTHER PRIOR UNCHARGED CONDUCT**

COME NOW, Plaintiffs, by and through counsel of record, and hereby move the Court to exclude evidence related to police reports involving Plaintiff Evers, uncharged alleged misconduct of Plaintiff Evers, prior civil cases involving Plaintiff Evers, a complaint by Plaintiff Evers against Heritage Home Healthcare, and various materials (including medical records) apparently proffered to somehow place the results of the examination by Dr. Rex Swanda (the expert selected by Defendants and agreed upon by Plaintiffs to conduct a Court-ordered neuropsychological evaluation of Plaintiff Evers) in doubt, including all witnesses offered to discuss such matters, for the reasons stated below.

I.   *Evidence Of Past Civil Claims or Other Disputes (including material contained in Defendants' Proffered Exhibits Q, R, S, T, U, CC, and FF) is Inadmissible Under Federal Rules of Evidence 404(b) And 403 As Such Proffered Evidence Consists of Improper Purported Propensity Evidence And Would Require A Mini-Trial On Each Of These Allegations.*

Based on Defendants proposed exhibits, Plaintiffs anticipate that the defense will attempt to introduce evidence of purported incidents documented in various police reports, along with past civil matters (primarily landlord-tenant disputes both filed and unfiled), and a dispute with Heritage Home Healthcare in the case at hand. Plaintiffs expect Defendants to introduce this evidence in an attempt to persuade the jury that Plaintiff Evers has made "unfounded" claims in the past and that it is, therefore, likely that this claim is unfounded. This is classically inadmissible propensity evidence. The Defendants would be using this material and the related witnesses to try to paint a picture of Plaintiff Evers as a "bad" person who brings "unfounded" claims. In addition, Defendants apparently intend to introduce evidence of claims of alleged misconduct made against Plaintiff Evers (and against her daughter, Nora Aragon-Gallegos). None of these claims of purported wrong-doing ever resulted in the filing of any criminal charges against Plaintiff Evers (or her daughter). Presumably this would be offered as, somehow, proof of Plaintiffs Evers' "bad character."

Federal Rule of Evidence 404(b) provides that [e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. The Tenth Circuit has "unequivocally stated" that before evidence of other wrongs is admissible, the proponent of the evidence must show the following:

> The evidence (1) must tend to establish intent, knowledge, motive, identity, or absence of mistake or accident; (2) must also be so related to the claim that it tends or serves to establish intent, knowledge, motive, identity, or absence of mistake or accident; (3) must have real probative value, not just possible worth; and (4) must be close in time to the current claim.

See *U.S. v. Temple*, 862 F.2d 821, 823 (10th Cir. 1988).

"In order to meet the test for admissibility, '[t]here must be a clear and logical connection between the earlier offense or misconduct and the case being tried.'" *Id.* The Tenth Circuit has also

2

acknowledged that "[i]f weak circumstantial evidence of prior bad acts is admitted under 404(b), there is an inherent danger of prejudice to the [person against whom the evidence is offered]."

Copies of the exhibits which Plaintiffs believe Defendants' will offer for this purpose are attached to this pleading. Those exhibits are: Defendants' Proffered Exhibits Q, R, S, T, U, CC, and FF, as well as the various witnesses identified who are referenced in those exhibits (or created those exhibits, as the case may be). First of all, none of these disputes involve any established facts, with the exception, perhaps, of the Fair Housing Act case prosecuted by New Mexico Legal Aid on behalf of Plaintiff Evers (which was settled in her favor). These are all cases of "he said, she said," and there would be no way to present the materials without conducting a separate trial within the trial for each and every event. Regardless, these past disputes and purported incidents are not so related to the events of this case that they tend to establish any of the exceptions listed under the first or second prongs of the four-part test laid out in *Temple*. Further, the third prong of the test is not met. The fact that a woman who has the mental capacity of a six-year-old child has been taken advantage of numerous times in the past does not have the "real probative value" the third prong of the test contemplates. In order for the jury to be able to consider these disputes as "prior bad acts," defense counsel would first have to establish that these disputes were actually unfounded or were a result of Plaintiff Evers' actions. Therefore, they only have very tenuous possible worth, rather than any real probative value.

According to the Tenth Circuit, "[e]vidence of other bad acts may have probative value when the uncharged misconduct is close in time and similar in method to the charged scheme." *U.S. v. Morgan*, 936 F.2d 1561, 1572 (10th Cir. 1991). However, the proponent of the evidence must demonstrate a "clear and logical connection between the alleged earlier offense or misconduct and

the case being tried." *U.S. v. Hogue*, 827 F.2d 660, 662 (10th Cir. 1987). Futhermore, in this case, the defense is offering the evidence against the Plaintiff, requiring the additional backflip of proving the *unfounded* nature of the other claims brought by the plaintiff to prove, somehow, that the claims at hand are unfounded. The allegations of misconduct on the part of Plaintiff Evers – none ever resulting in any criminal case against Plaintiff Evers – are all unsubstantiated and completely unrelated to the facts of the case at bar. None of the events are sufficiently factually similar to the events of the case at hand and, therefore, have low probative value, particularly compared to the danger of unfair prejudice, which will come into play under Rule 403.[1]

This brings us to the inadmissibility of these disputes under Fed.R.Evid. 403. Even if the trial court finds that the other acts are admissible under 404(b), it must still conduct a separate balancing of the evidence's probative value and its prejudicial effect under 403. *U.S. v. Tan*, 254 F.3d 1204, 1211 (10th Cir. 2001); *see also U.S. v. Hogue*, 827 F.2d 660, 663 (10th Cir. 1987). Rule 403 excludes evidence if the trial court determines that "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed.R.Evid. 403.

Even with Defense counsels' barrage of supposed witnesses and evidence, they are still only able to present weak circumstantial evidence of the existence of other "bad acts." They cannot conduct a mini-trial on each of these disputes under the guise of 404(b), which is precisely what will

---

[1] Any probative value these dissimilar disputes might have is substantially outweighed by the possibility that the jury would simply consider this evidence, in some cases, for the impermissible purpose of proving bad character and is there fore inadmissible under the Rule 403 analysis that follows.

transpire if evidence of these prior disputes is deemed admissible.  Evidence of each of these disputes will require Plaintiff' counsel to launch into a probing cross-examination into the specifics of each dispute and surrounding circumstances and to present witnesses and evidence of their own in order to prevent Plaintiff Evers from being smeared in front of the jury by Defense counsel.  Each would trigger a mini-trial, which would have the effect of drawing the jury's attention more and more away from the central issues in this case.  None of this proffered material or testimony is relevant in this matter, and to delve into it would be confusing and misleading to the jury and would lead to an unwarranted waste of the court's time and resources. Plaintiffs are therefore moving to exclude it in its entirety prior to trial.

II.   ***The Police Reports and Witness Statements, Central New Mexico Community College Records, Miscellaneous Healthcare Records, Real Estate Contract and Incident Report, and Eugene Chavez Letters to Plaintiff (including material contained in Defendants' Proffered Exhibits Q, R, W, BB, CC, and EE) Are Inadmissible In This Case Under Federal Rules Of Evidence 402 and 403 As They Are Unrelated To Any Matter Of Consequence And Only Serve To Confuse The Jury On An Issue That Has Already Been Definitively Determined.***

Defendants have indicated intent to introduce various materials (including police reports and witness statements, Central New Mexico Community College records, miscellaneous healthcare records, a real estate contract and incident report, and letters from Eugene Chavez to Plaintiff Evers) which they argue somehow prove that Plaintiff Evers – contrary to the findings reported by Dr. Swanda – is, in fact, literate, not mentally disabled, and is somehow engaged in an elaborate charade with respect to her mental state.  These materials have been identified as Defendants' proffered Exhibits Q, R, W, BB, CC, and EE.  Copies of those exhibits (to the extent they are available) are attached to this pleading in order to allow for judicial review of this motion.  Counsel for Defendants delved into many of these materials at length during Plaintiff Evers' deposition claiming the records

5

were evidence that Plaintiff Evers did not have a diminished mental capacity. They also provided many of these materials to Dr. Rex Swanda for his review and analysis in the context of his neuropsychological evaluation of and report describing Plaintiff Evers. They also disclosed a notice listing over 200 possible witnesses related to the materials and evincing their intent to introduce evidence of these materials at trial.[2] A number of these witnesses appear on their Pretrial Order list of witnesses. Now they have apparently consolidated their efforts and hope to get most of the materials in via one primary witness – namely an investigator named Justin Segotta – instead of by calling all of the various individual previously identified. Not only would this constitute double and triple layers of hearsay evidence of disputed fact, it would dramatically increase the length of the trial (with no justification), lead to numerous side-issue trials within the trial of this case, and mislead (not to mention torment) the jurors.

      The matter of Plaintiff Evers mental capacity has been determined by a neuropsychological expert of Defendants' own choosing – Dr. Rex Swanda – who confirmed that Plaintiff Evers has a diminished mental capacity consistent with the prior evaluations done in 1994 in connection with Social Security disability. By the order of the Court, Dr. Swanda did independent testing and an entire neuropsychological evaluation of Plaintiff Evers. Defense counsel rejected all of the potential experts proffered by Plaintiffs, and Plaintiffs finally agreed to one of Defendants' proffered experts, namely Dr. Swanda. Dr. Swanda found absolutely no evidence indicating Plaintiff Evers was malingering or attempting somehow to appear mentally disabled. This matter has, therefore, been settled.

---

[2] Notably, they failed to disclose information such as the matter about which each person would be able to testify and the address of each of the supposed witnesses.

"The competence of evidence in the end depends upon whether it is likely, all things considered, to advance the search for truth." *U.S. v. Krulewitch*, 145 F.2d 76, 80 (2d Cir. 1944). These police records have no relevance to the case at hand as they do not have any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.[3] Therefore they do not advance the search for truth in this case, as the truth of Plaintiff Evers' mental capacity has already been settled. The materials should be excluded under Fed. R. Evid. 402, which provides that irrelevant evidence is inadmissible.

These materials (and witnesses) are also inadmissable under 404(b), as they involve unsubstantiated incidents and do not meet the test laid out by the Tenth Circuit for admissibility. They do not meet the first or second prong of the four-part test, as they do not tend to prove anything related to any of the appropriate purposes listed in the first or second prongs of the test. Further, they have, at best, only "possible value" rather than any "real probative worth."[4] All of these proffered materials involve unsubstantiated allegations or inconsistent and strange remarks or notations in medical records and elsewhere. It is doubtful that any of these alleged incidents will yield any reliable evidence. Nor would any related testimony involving unsubstantiated and circumstantial evidence concerning Plaintiff Evers and her apparent mental capacity be of any worth at the trial, particularly in light of the findings made by Dr. Swanda. Plaintiff Evers' mental capacity is apparent and is documented.

---

[3] Definition of "Relevant Evidence" under Fed. R. Evid. 401.

[4] See Tenth Circuit's four-part test outlined above.

Further, even supposing the above-described materials are somehow admissible under 402 and 404(b), they should be excluded under Fed. R. Evid. 403, as any minimal probative value is substantially outweighed by the dangers of unfair prejudice, waste of time and misleading the jury. As the issue of Plaintiff Evers' mental capacity has already been determined by an expert who will testify at trial, the materials and witnesses proffered by Defendants have little or no probative value. The effort to introduce these materials is a thinly-veiled attempt to smear Plaintiff Evers, and the introduction of such materials and related witnesses would waste the Court's and Jurors' time by presenting volumes of irrelevant documents raising multiple disputes of fact and misleading the jury into believing that Plaintiff Evers' mental capacity is somehow directly relevant and in question. Therefore, any evidence of the police reports or other uncharged conduct is inadmissible under Fed. R. Evid. 403.

### III. *The Court Has An Affirmative Duty To Exclude The Evidence Addressed In This Motion From Presentation At Trial As It Will Confuse the Jury on Peripheral Issues And Its Admission Would Violate The Purpose Of The Rules Of Evidence.*

"The trial court has the authority, if not the duty, to exclude evidence which will likely confuse the jury on peripheral issues." *U.S. v. Guardia*, 955 F.Supp. 115, 119 (D.N.M. 1997). The Court should interpret the Rules of Evidence to "secure fairness in administration, elimination of unjustifiable expense and delay, and promotion of growth and development of the law of evidence to the end that the truth may be ascertained and proceedings justly determined." Fed.R.Evid. 102. Defense counsel should not be permitted to turn the courtroom into a circus with evidence that will result in significantly lengthening the trial in an attempt to distract the jury with countless witnesses who will testify, with questionable reliability, on issues that are irrelevant to the matter at hand. To allow this would be to require the Plaintiffs not only to prove their case, but also to litigate matters

that are far afield from the issues in this case and to re-litigate issues that have already been decided. This would not serve the ascertainment of the truth or the just determination of proceedings as contemplated by the Rules of Evidence.

WHEREFORE, the Plaintiffs respectfully move this Court, for the aforementioned reasons, to exclude from trial the exhibits identified as Defendants' Q, R, S, T, U, W, BB, CC, EE, and FF, as well as any testimony related to the issues raised therein or any other materials related to those matters.

Respectfully Submitted,

ROTHSTEIN, DONATELLI, HUGHES,
 DAHLSTROM, SCHOENBURG & BIENVENU, LLP


By:      /s/
Carolyn M. "Cammie" Nichols
Marc M. Lowry
500 4th Street N.W, Suite 400
Albuquerque, New Mexico 87102
(505) 243-1443

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 28th day of January, 2008, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Elizabeth L. German
*(beth@brownandgerman.com)*

Jonlyn M. Martinez
*(jonlyn@sleaseandmartinez.com)*

AND I FURTHER CERTIFY that on January 28, 2008 I served the foregoing pleading on the following non-CM/ECF Participants via first class mail, postage prepaid addressed as follows:

Jill (Akard) Dunn
433 Alcazar, SE
Albuquerque, NM 87108

/s/
ROTHSTEIN, DONATELLI, HUGHES,
  DAHLSTROM, SCHOENBURG & BIENVENU, LLP