UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

SUE EVERS, *et al.*,

      Plaintiffs,

vs.                                                                                    Civ. No. 06-00292 MV/LAM

BOARD OF COMMISSIONERS OF
TORRANCE COUNTY, *et al.*,

      Defendants.

**<u>MEMORANDUM OPINION AND ORDER</u>**

      **THIS MATTER** comes before the Court on Plaintiffs' Motion in Limine to Exclude Evidence of Prior Civil Cases, Prior Allegations Against Heritage Home Healthcare, and Any Police Reports or Other Prior Uncharged Conduct, filed January 28, 2008, [Doc. No. 230], and Plaintiffs' Second Motion to Supplement Plaintiffs' Motion in Limine to Exclude Evidence of Prior Civil Cases, Prior Allegations Against Heritage Home Healthcare, and Any Police Reports or Other Prior Uncharged Conduct, filed January 29, 2008, [Doc. No. 235].

      In their motions, Plaintiffs seek to exclude evidence related to police reports involving Sue Evers, uncharged alleged misconduct of Sue Evers, prior civil cases involving Sue Evers, a complaint by Sue Evers against Heritage Home Healthcare, and various medical records as irrelevant, confusing, misleading, and more prejudicial than probative. Defendants maintain that this evidence is necessary to establish their defenses in this case.

      Under Rule 404(b), evidence of other acts may be admissible for purposes other than

proof of a defendant's bad character or general propensity to commit crime. The rule provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident....

Fed. R. Evid. 404(b).

Extrinsic evidence is admissible under Rule 404(b) if the four factors identified in *Huddleston v. United States* are satisfied: (1) the evidence must be offered for a proper purpose; (2) it must be relevant; (3) its probative value must not be substantially outweighed by its potential for unfair prejudice under Federal Rule of Evidence 403; and (4) the court gives a proper limiting instruction, if requested by the defendant. 485 U.S. 681, 691-92 (1988).

### I. Summary Charts

Defendants retained a private investigator, Justin Segotta, to review the ninety-six Albuquerque Police Department incident reports from 1991 to 2007 that involve Sue Evers. Mr. Segotta compiled various charts based on the nature of the alleged incident. Defendants plan to offer these charts as well as the testimony of Mr. Segotta to establish, amongst other things, that Sue Evers has a habit of making allegations of damages to receive a personal benefit. Presenting Sue Evers' entire history of involvement with the APD, both as a victim and a suspect, is highly prejudicial, particularly when none of the events in the incident reports are factually similar to this case and most of the incident reports involve nothing more than unsubstantiated allegations. Even if these charts had any relevance, their probative value would be substantially outweighed by the potential for unfair prejudice. Plaintiffs' motion to exclude these charts and the testimony of Mr. Segotta regarding these charts will be granted.

**II.     Other Evidence**

Defendants seek the admission of the actual incident reports, medical records, and other miscellaneous records, for a variety of alleged purposes, including to challenge the finding of Dr. Rex Swanda--the expert Defendants chose to examine Sue Evers--that Sue Evers has a diminished mental capacity and to demonstrate Sue Evers' "character for truthfulness or untruthfulness."  While much of this evidence appears to be irrelevant and/or unduly prejudicial, select portions of these records may be admissible for specific purposes.  Based on the record before it, however, the Court cannot determine what precise evidence Defendants intend to offer and for what purpose.  Without this information, the Court cannot make admissibility determinations.  Prior to the scheduled trial, the Court will hold a hearing to permit Defendants to specifically identify the evidence they intend to offer and the purpose of this evidence so the Court can, to the extent possible,  rule on the admissibility of this evidence prior to trial.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion in Limine to Exclude Evidence of Prior Civil Cases, Prior Allegations Against Heritage Home Healthcare, and Any Police Reports or Other Prior Uncharged Conduct, filed January 28, 2008, [Doc. No. 230], and Plaintiffs' Second Motion to Supplement Plaintiffs' Motion in Limine to Exclude Evidence of Prior Civil Cases, Prior Allegations Against Heritage Home Healthcare, and Any Police Reports or Other Prior Uncharged Conduct, filed January 29, 2008, [Doc. No. 235], are **GRANTED in part**.  The summary charts prepared by Mr. Segotta based on Albuquerque Police Department incident reports involving Plaintiff Sue Evers as well as any testimony by Mr. Segotta regarding these charts will be excluded.

DATED this 30th day of September, 2008.

_____
MARTHA VÁZQUEZ
Chief District Court Judge

Attorneys for Plaintiff:
Carolyn M. Nichols, Esq.
Marc M. Lowry, Esq.

Attorney for County Defendants:
Beth German, Esq.

Attorney for Defendant Gibson:
Jonlyn Martinez, Esq.

Jill Akard Dunn, *pro se*