UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

SUE EVERS, *et al.*,

        Plaintiffs,

vs.                                                                    Civ. No. 06-00292 MV/LAM

BOARD OF COMMISSIONERS OF
TORRANCE COUNTY, *et al.*,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' Motion in Limine to Exclude Evidence of Prior Bad Acts of Sergeant Richard Ledbetter, filed September 6, 2007, [Doc. No. 126], and Plaintiffs' Motion in Limine to Admit Evidence of Defendant Richard Ledbetter's Admissions to the Criminal Charges Filed Against Him in 2001, filed January 28, 2008, [Doc. No. 231].

In this case, Defendant Richard Ledbetter is accused of shooting Plaintiff Sue Evers' dog. At the time of the alleged shooting, Defendant Ledbetter was a code enforcement officer working in Torrance County's Planning and Zoning Department. Prior to becoming a Code Enforcement Officer, however, Defendant Ledbetter had been an animal control officer.

In 2001, while employed as an animal control officer, Defendant Ledbetter shot and killed a large black dog within one hundred and fifty feet of a residence. A state police officer witnessed the shooting and filed charges of negligent use of a deadly weapon and extreme cruelty to animals. The State of New Mexico offered Defendant Ledbetter an opportunity to apply for the

pre-prosecution diversion program, which he accepted. In his application for the pre-prosecution diversion program, Defendant Ledbetter asserted that he did not commit a crime but was simply doing his job under state law for the safety of the public. As part of his pre-prosecution diversion program agreement, Defendant Ledbetter admitted that he "intentionally shot and kill [sic] a large black dog, and . . . negligently fired a deadly weapon within one hundred and fifty yards from a residence." Upon successful completion of a probationary period, all criminal charges against Defendant Ledbetter were dismissed.

In 2003, while still employed as an animal control officer, Defendant Ledbetter was investigated for animal cruelty. No charges were filed as a result of this investigation.

During his deposition in this case, Defendant Ledbetter was questioned about the 2001 incident and testified that he did not believe he had committed a crime:

> Q. Okay. Do you believe you did commit those crimes?
>
> A. No, ma'am
>
> * * *
>
> Q. It's your position that you did not engage in any action sufficient to constitute a crime?
>
> A. No, ma'am.

Ledbetter Depo. at p. 24.

Defendant Ledbetter also testified that his right to bear firearms was not taken away as a result of the 2001 incident or his participation in the pre-prosecution diversion program.

County Defendants' motion seeks to exclude any evidence of these prior bad acts while Plaintiffs' motion seeks admission of evidence regarding the 2001 incident under Rule 404(b) and

Rule 608.[1]

**I.     Rule 404(b)**

Under Rule 404(b), evidence of other acts may be admissible for purposes other than proof of a defendant's bad character or general propensity to commit crime. The rule provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident....

Fed. R. Evid. 404(b).

Extrinsic evidence is admissible under Rule 404(b) if the four factors identified in *Huddleston v. United States* are satisfied: (1) the evidence must be offered for a proper purpose; (2) it must be relevant; (3) its probative value must not be substantially outweighed by its potential for unfair prejudice under Federal Rule of Evidence 403; and (4) the court gives a proper limiting instruction, if requested by the defendant. 485 U.S. 681, 691-92 (1988).

Plaintiffs assert that evidence of Defendant Ledbetter's prior bad acts goes directly to an essential element of Plaintiffs' claims in Counts VI and XV and, therefore, is admissible under Rule 404(b). After the filing of the instant motions, summary judgment was granted in favor of County Defendants on both Count VI and Count XV so Plaintiffs' argument that this evidence is necessary to establish these claims is moot.

**II.    Rule 608(b)**

Plaintiffs request that the Court allow evidence of Defendant Ledbetter's admission that his actions were sufficient to constitute the crimes of negligent use of a deadly weapon and

---

[1] County Defendants, anticipating arguments that Plaintiffs may make, asserted numerous grounds for the exclusion of any evidence related to these bad acts. Since Plaintiffs have since clarified the extent to which they seek to admit evidence related to these prior bad acts, the Court will only address the arguments presented by Plaintiffs for admission of this evidence.

extreme cruelty to animals for the purpose of attacking his credibility for truthfulness. Rule 608(b) governs the admissibility of specific instances of conduct of a witness for purposes of impeachment. It provides:

> Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' credibility, other than conviction of crime ..., may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness.

Fed. R. Evid. 608(b).

Plaintiffs assert that Defendant Ledbetter has made contrary statements under oath and that these statements are probative of his character for untruthfulness. The Court, however, is not convinced that Plaintiffs have identified any inconsistencies in Defendant Ledbetter's statements.

First, Plaintiffs contend that the statement Defendant Ledbetter gave when entering the pre-prosecution program establishes that he committed a crime and, therefore, his testimony that he does not believe he committed a crime is untruthful and should be admitted under Rule 608(b) as probative of the witness' character for truthfulness or untruthfulness. As part of the pre-prosecution agreement, Defendant Ledbetter admitted that he had shot a dog and that he negligently fired a firearm within one hundred and fifty feet of a house.[2]

In entering into the pre-prosecution agreement, Defendant Ledbetter admitted the conduct underlying the charges. Importantly, however, he did not admit to committing a crime and continues to maintain that the circumstances warranted his actions to maintain public safety such

---

[2] Plaintiffs' motion cites an affidavit of Keri Penner, Pre-Prosecution Diversion Director at the time Defendant Ledbetter participated in the program, as establishing that all Pre-Prosecution Diversion applicants are required to provide a written statement, "essentially confessing" to the charges filed in the criminal information by admitting to conduct sufficient to prove all the elements of the crimes charged. The referenced affidavit, however, was not provided to the Court.

that no crime occurred.  Consequently, his testimony that he does not believe he committed a crime does not necessarily contradict his statement admitting the underlying conduct.

Second, Plaintiffs contend that Defendant Ledbetter falsely testified at his deposition regarding his right to bear firearms during his probationary period.  Defendant Ledbetter testified in his deposition that he never lost his right to carry a firearm as a result of the 2001 incident and his participation in the pre-prosecution program.  The pre-prosecution agreement Defendant Ledbetter signed was a form document containing a number of standard conditions.  Defendant Ledbetter initialed every condition in the agreement except one:  that he would not possess, use, sell, distribute or have under his control illegal drugs, firearms, or other deadly weapons.  Based solely on the fact that the standard form pre-prosecution agreement contained this provision, Plaintiffs assert that it "conclusively establishes" that Defendant Ledbetter lost his right to use firearms and, therefore, lied during his deposition.  Interestingly, Plaintiffs acknowledge that this provision was not initialed by Defendant Ledbetter but state, without any support, that "it is highly unlikely that the District Attorney's office agreed to waive this condition."[3]  Plaintiffs' unsupported interpretation of the pre-prosecution agreement is insufficient to establish that Defendant Ledbetter's deposition testimony was untruthful.

Based on this record, the Court cannot find that Defendant Ledbetter has made any false statements that are probative of his character for untruthfulness.

**IT IS THEREFORE ORDERED** that Defendants' Motion in Limine to Exclude Evidence of Prior Bad Acts of Sergeant Richard Ledbetter, filed September 6, 2007, [Doc. No. 126] is **GRANTED** and Plaintiffs' Motion in Limine to Admit Evidence of Defendant Richard

---

[3]  In fact, given that Defendant Ledbetter was an animal control officer who carried a firearm in his line of duty and that this provision is the only provision not initialed in the agreement, the converse appears more likely true.

Ledbetter's Admissions to the Criminal Charges Filed Against Him in 2001, filed January 28, 2008, [Doc. No. 231] is **DENIED**.  The Court may revisit this ruling based upon Defendant Ledbetter's actual testimony at trial.

DATED this 30th day of September, 2008.

_____
MARTHA VÁZQUEZ
Chief District Court Judge

Attorneys  for Plaintiff:
　　Carolyn M. Nichols, Esq.
　　Marc M. Lowry, Esq.

Attorney for County Defendants:
　　Beth German, Esq.

Attorney for Defendant Gibson:
　　Jonlyn Martinez, Esq.

Jill Akard Dunn, *pro se*